RIVERA *v.* RIVERA ET AL.

APPEAL from the District Court of Mayagüez

No. 768.—Decided May 7, 1912.

RES JUDICATA—IDENTITY OF PERSONS, RES AND ACTIONS.—In the case at bar it was held on appeal that there is an identity of persons, *res* and actions between this and a former case and, therefore, that the present suit was

finally decided by a judgment rendered in 1909, for which reason the plea of *res judicata* entered by the defendants is applicable herein and what has already been decided by a judgment rendered in an action between the same parties should be held as true.

The facts are stated in the opinion.

*Mr. Robustiano Biaggi* for appellants.

*Mr. José de Diego* for respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

By decision of May 31, 1906, the District Court of Maya-güez declared intestate heirs of Silverio Rivera Acevedo his legitimate brother and sisters named Calixto, Dominga, and Domitila Rivera y Acevedo; and, further, it refused to declare Fausto and Hortensio Rivera intestate heirs of the deceased because they had failed to prove their status of acknowledged natural children of Silverio Rivera Acevedo.

In 1907 the said Fausto and Hortensio Rivera Arza filed in the same court a complaint against Calixto, Dominga, and Domitila Rivera Acevedo, praying to be declared heirs and to annul the previous declaration of heirs, wherein they alleged substantially the following facts:

"1. That Silverio Rivera Acevedo and Antonia Arza lived in uninterrupted concubinage from 1870 up to the time of the death of Silverio.

"2. That in 1871 Fausto Rivera Arza was born of that union and was by them acknowledged in the certificate of birth.

"3. That in 1874 Hortensio Rivera Arza was also born under the same conditions.

"4. That Antonia Arza and Silverio Rivera always remained single, and there was no impediment to their marriage.

"5. That the plaintiffs are their acknowledged natural children.

"6. That they were acknowledged by Silverio Rivera Acevedo as his natural children not only in their certificate of birth but also in a public deed of mortgage, in which the said Silverio Rivera appeared in the name of his acknowledged natural children, Fausto and Hortensio.

"7. That their parents always lived together, and the plaintiffs were always publicly considered as their children.

"8. That the defendants are legitimate brother and sisters of Silverio Rivera.

"9. That said Silverio Rivera died intestate in 1896.

"10. That Calixto Rivera Acevedo prayed the court to declare as heirs of Silverio the latter's brother and sisters, the defendants herein, and his acknowledged natural children, the plaintiffs herein; but having failed to introduce any evidence in support of the latter part of the prayer, the court only declared the brother and sisters of the deceased as his heirs.

"11. That Calixto Rivera was appointed by the plaintiffs and defendants their agent to obtain the declaration of heirs.

"12. That the said Calixto Rivera was furnished with a note of the documents in which the plaintiffs had been acknowledged natural children."

That in view of these facts the plaintiffs herein contend:

"1. That they are the acknowledged natural children of Silverio Rivera Acevedo.

"2. That they are his only heirs.

"3. That the declaration of heirs made in favor of their uncle and aunts is void because they have a preferred right to it."

They then conclude with the following prayer:

"1. That the plaintiffs be declared the sole heirs of Silverio Rivera Acevedo; and

"2. That the declaration of heirs made in favor of the defendants on May 31, 1906, be set aside."

After the filing of the answer to the complaint and a counterclaim, and after the intervention in this action of Gregorio Rivera claiming some rights as acknowledged natural child of Silverio Rivera, final judgment was rendered on February 23, 1909, as follows:

"1. The court refrains from making any declaration as to the civil status of the plaintiffs, Fausto and Hortensio Rivera, and of the intervenor, Gregorio Rivera, and as to their alleged relationship with the deceased, Silverio Rivera, because no evidence has been introduced in support of it, and because the court deems that they have abandoned these particular claims of their respective complaints.

"2. The court holds that the rights which the parties to this suit may have to the properties of the deceased, Silverio Rivera, must be

controlled by the agreement and settlement made by deed No. 304, of June 27, 1906, before Notary Mariano Riera Palmer.

"3. Costs are adjudged against the plaintiffs."

In deed No. 304, dated June 27, 1906, to which reference is made in the foregoing judgment, Fausto and Hortensio Rivera, Gregorio Rivera, and Calixto, Domitila, and Dominga Rivera Acevedo stated that, as a consequence of the declaration made by the District Court of Mayagüez in favor of Calixto, Dominga, and Domitila, brother and sisters of Silverio Rivera Acevedo, as his only heirs, and of the dismissal of the petition of the other petitioners on account of the failure to prove their status of acknowledged natural children, difficulties had arisen among them which they settled by said deed, distributing and adjudicating among themselves the properties of Silverio Rivera; and they further agreed that if any other properties should be discovered in the future and which had not been included in said document, the same would be distributed in equal parts among them all.

Subsequent to the rendition of the foregoing judgment, which remained unappealed from by any of the parties, the said Fausto and Hortensio Rivera Arza, on October 17, 1910, and in the same district court, filed another complaint against Calixto and Domitila Rivera Acevedo and against the Estate of Dominga Rivera, the said complaint being entitled "Nullity of declaration of heirs, and declaration of heirs of Silverio Rivera in favor of his illegitimate children."

In this complaint, which was brought to set aside the declaration of intestate heirs of Silverio Rivera made in favor of the defendants as his brother and sisters, and to obtain the declaration of sole and universal heirs of Silverio Rivera in favor of Fausto and Hortensio as his illegitimate children, the following fundamental facts were alleged:

"1. That the plaintiffs, Fausto and Hortensio, were baptized in 1872 and 1874, respectively, as the acknowledged natural children of Silverio ·Rivera and Antonia Arza.

."2. That the plaintiffs have always enjoyed the possession of the status of natural children of Silverio Rivera and were by him acknowledged as such in a deed of mortgage executed in favor of the plaintiffs, in which their father appeared in their name because they were under age.

"3. That upon the death of their father, Silverio Rivera, the plaintiffs were declared intestate heirs of the deceased by decision of May 31, 1906.

"4. That the plaintiffs are the sole and universal heirs of their father, Silverio Rivera, and that the defendants have no claim whatever to said inheritance.

"5. That Dominga Rivera died and her widower and children, defendants herein, are her successors."

After the foregoing facts the complaint ends with the following prayer:

"1. That the declaration of heirs of Silverio Rivera made in favor of the defendants on May 31, 1906, be set aside; and

"2. That the plaintiffs herein be declared the sole intestate heirs of Silverio Rivera as his illegitimate children."

In the answer to the complaint the defendants pleaded the defense of *res judicata* on the ground that this action had already been decided by the previous judgment of 1909, and in a counterclaim they also pleaded the existence of a certain settlement agreement.

Gregorio Rivera was also an intervenor in the present suit in the same capacity in which he before intervened and made the same allegations as the defendants.

The case having been tried by the District Court of Mayagüez, judgment was rendered on August 24, 1911, as follows:

"1. It dismisses the complaint of Calixto (we suppose it ought to be Fausto) and Hortensio Rivera.

"2. It dismisses the claim made in the intervening petition of Gregorio Rivera for the designation as intestate heir of Silverio Rivera.

"3. It sustains the counterclaim and holds for all time that the rights which the parties to this suit may have to the inheritance of the

deceased, Silverio Rivera, should be controlled by the agreement and settlement made by deed No. 304 of June 27, 1906, executed before the notary of Mayagüez, Manuel Riera Palmer; and

"4. The costs are adjudged against Fausto and Hortensio Rivera."

The present appeal was taken from said judgment by the plaintiffs, Fausto and Hortensio Rivera.

By comparing the complaints filed in 1907 and 1910 we come to the conclusion that there is between them identity of persons, things, and actions.

Identity of persons.—The action of 1907 and the present action of 1910 were brought by the same plaintiffs against the same defendants, for although in the present suit, by reason of the death of Dominga Rivera her widower and children were sued as her successors, this does not change the identity of persons in accordance with the last paragraph of section 1219 of the Civil Code, which reads as follows:

"It is understood that there is identity of persons whenever the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility or prestations among those having a right to demand them, or the obligation to satisfy the same."

Identity of things.—The object of both actions is the same; that is, to set aside the declaration of heirs of Silverio Rivera made in 1906 in favor of his brother and sisters, the defendants in the above actions, and that the plaintiffs be declared the sole intestate heirs of Silverio as his illegitimate children.

Identity of actions or causes.—The plaintiffs have alleged as the foundation of their claims the same grounds in both actions. In the suit of 1907 they prayed to set aside the declaration of heirs made in 1906, and that the plaintiffs be declared the sole heirs of Silverio Rivera upon the ground that the plaintiffs had been acknowledged by the said Silverio Rivera in the certificate of birth and in a public deed

as his natural children, and that they had constantly enjoyed the status of natural children, and from these facts they claim their right to be his sole heirs, and not his brother and sisters, the defendants herein, which was alleged as a ground for setting aside the declaration of heirs made in favor of the latter.

The complaint of 1910 makes the same prayer as the complaint of 1907, and the prayer is based upon the same grounds or causes of action as the first complaint, to wit: That the plaintiffs were baptized as the natural children of Silverio Rivera; that they enjoyed the possession of the status of natural children, and were further acknowledged in a public deed by Silverio Rivera as his natural children. From these facts they conclude that their father having died intestate the plaintiffs were his sole heirs and, therefore, that the declaration of heirs made in 1906 in favor of the defendants should be annuled.

We do not doubt that there is identity of persons, things, and actions and, therefore, that the present suit was finally decided by judgment rendered in 1909, from which no appeal can now be taken, and for that reason the defense of *res judicata* pleaded by the defendants which, in effect, means that what has already been decided by judgment rendered in an action between the same parties should be held as true, and hence said defense must be sustained.

It is true that no declaration was made in the first paragraph of the judgment rendered in 1909 upon the complaint filed in 1907 as to the civil status of the plaintiffs and Gregorio Rivera and as to the relationship with said Silverio Rivera, but we hold that the present suit is not an action of filiation. But taking as a basis the fact alleged in the complaint that the filiation already exists and that the plaintiffs have been acknowledged by their father in the certificate of birth and in the public document as his natural children, the plaintiffs contend, as a consequence of these facts, that their

declaration as heirs follows, and that the former declaration as heirs made in favor of the defendants should be annuled.

The judgment of the court below does not pass upon the defense of *res judicata* pleaded by the defendants and the intervenor, and by its third conclusion sustains the counterclaim setting up the settlement of the hereditary rights of the litigants to the properties of Silverio Rivera contained in the public deed above mentioned and decides that the same must be respected.

In view of the fact that the defense of *res judicata* was alleged, we ought to have considered it prior to the other questions raised in this suit; but, as we sustain said defense, it is useless to pass upon the other questions because the first judgment in the case, whether correct or erroneous, enjoins the discussion and decision now of what was discussed and decided then.

For the foregoing reasons—that is, on the ground that the questions raised in this suit have been decided by previous judgment and not by reason of the settlement alleged—the judgment of the court below should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.